## UNITED STATES v. NORTHERN PAC. R. CO. et al.

(Circuit Court, D. Montana. July 22, 1900.)

No. 589.

**1. PUBLIC LANDS—RAILROAD GRANTS—CONSTRUCTION.**

Under 13 Stat. 365, granting to the Northern Pacific Railroad Company every alternate section of public land, not mineral, designated by odd numbers, to the amount of 20 alternate sections per mile on each side of said railroad line, as said company might adopt, whenever on the line thereof the United States had full title, not reserved, sold, granted, or otherwise appropriated, and free from exemption or other claims or rights at the time the line of said railroad was definitely fixed and a plat thereof filed in the office of the commissioner of the general land office, the grant to the railroad company attached to all such lands, within the limits designated, as were not sold, or subject to sale, entry, or pre-emption right at the time the general route of defendant's road became fixed by the definite location thereof.

**2. SAME—LANDS EXCEPTED—CONSTRUCTION.**

The fact that certain lands had been filed upon in the proper land office of the United States before defendant's railroad was definitely fixed opposite thereto is not sufficient to include them in the lands excepted from the grant to the Northern Pacific Railroad Company, under 13 Stat. 365, and described as not reserved, sold, granted, or otherwise appropriated, and free from pre-emption or other claims or rights at the time the line of said road was definitely fixed, if proof of occupancy of and payment for said land was not made within 30 months after the date of such filing.

John W. Griggs, Atty. Gen., and Wm. B. Rodgers, Dist. Atty., for plaintiff.

James B. Kerr and Wm. Wallace, Jr., for defendants.

KNOWLES, District Judge. This suit is instituted by the United States for the purpose of compelling the defendant the Northern Pacific Railroad Company to return to it a certain patent to certain lands described therein, which patent was issued to said defendant on the 4th day of April, 1896; and also to compel a reconveyance of said lands by said defendant to the United States. It is claimed in the bill that this patent was erroneously issued to said defendant under the belief that said lands were embraced within the terms of a grant to it by complainant, which said grant was dated July 2, A. D. 1864, and was made to aid said company in constructing the Northern Pacific Railroad. The lands described are part of an odd section of land within the limits of said grant, and passed to said company thereby, unless they came within some of the exceptions in said grant, and were excluded therefrom. The statute making the grant to the Northern Pacific Railroad Company provides as follows:

"There be, and hereby is, granted to the Northern Pacific Railroad Company, its successors and assigns, for the purpose of aiding in the construction of said railroad and telegraph line to the Pacific coast, and to secure the safe and speedy transportation of the mails, troops, munitions of war, and public stores over the route of the line of said railway, every alternate section of public land, not mineral, designated by odd numbers, to the amount of twenty alternate sections per mile on each side of said railroad line as said company may adopt through the territories of the United States and ten alternate sections of land per mile on each side of said railroad whenever it passes through any state, and whenever on the line thereof the United States have full title, not reserved,

sold, granted, or otherwise appropriated, and free from pre-emption or other claims or rights at the time the line of said railroad is definitely fixed, and a plat thereof filed in the office of the commissioner of the general land office." 13 Stat. 365.

In accordance with the terms of this statute it has been held by this court in the case of Railroad Co. v. Sanders (C. C.) 47 Fed. 611, that the grant to the plaintiff would, as a matter of fact, attach to all such lands as were within the limits of its grant as were not sold, or subject to sale, entry, or pre-emption right, at the time the general route of defendant's road became fixed by the definite location thereof. This decision was affirmed, in effect, in the case of Railroad Co. v. Sanders, 166 U. S. 620, 17 Sup. Ct. 671, 41 L. Ed. 1139, and again in U. S. v. Oregon & C. R. Co., 176 U. S. 28, 50, 20 Sup. Ct. 261, Adv. S. U. S. 261, 44 L. Ed. ——. The terms of the grant clearly indicate that such are the rights of the defendant.

The question is now presented: Was the land mentioned in the bill of that class which may be described as not reserved, sold, granted, or otherwise appropriated, and free from pre-emption or other claims or rights at the time the line of said road was definitely fixed, and a plat thereof filed in the office of the commissioner of the general land office? The only fact set forth which it is claimed would have the effect of showing that this land was not free from pre-emption right is this: It is set forth that Baltis Miller filed upon this land in the proper land office of the United States in the district of Montana, and that this filing had not been canceled by any action of the United States land officers on the 6th day of July, 1882, when the line of the defendant's railroad was definitely fixed opposite thereto. If this was necessary, it must be held that this land was excluded from the grant to defendant the Northern Pacific Railroad Company. It has been recently held, however, by the supreme court of the United States, in the case of Railway Co. v. De Lacy, 174 U. S. 622, 19 Sup. Ct. 791, 43 L. Ed. 1111, that the law of congress, by its own force, canceled this filing if proof of occupancy of and payment for said land was not made within 30 months after the date of such filing. In discussing this point the court used the following language:

"For the reason which we have already given, we think it was unnecessary to enter the cancellation on the record of the office in order to permit the law of congress to have its legal effect. That effect should not be dependent upon the action or nonaction of any officer of the land department. When no proof and no payment have been made within the time provided by law, the record will show that fact, and that the right of the claimant has expired, and the claim itself has ceased to exist."

The bill in this case shows that no proof of occupation upon or payment for these lands was made within said time by the said Baltis Miller, and therefore the demurrer should be sustained, and it is so ordered.